# IN THE COURT OF APPEALS OF IOWA

No. 24-1859
Filed August 20, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JUDAH JAMES BOLSER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Jefferson County, Myron Gookin,

Judge.

        Judah Bolser appeals his conviction for second-degree burglary.
**AFFIRMED.**

        Martha J. Lucey, State Appellate Defender, and Corey Engle (until
withdrawal), Assistant Appellate Defender, for appellant.

        Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney
General, for appellee.

        Considered without oral argument by Schumacher, P.J., and Badding and
Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

Judah Bolser appeals his conviction for second-degree burglary, his sole challenge limited to the sufficiency of the evidence supporting the conviction. Upon our review, we affirm.

## I.  Background Facts and Proceedings

A rational jury could find the following facts from the evidence presented at trial held in July 2024. Bolser lived in a home on North Main Street in Fairfield until he was evicted. After his eviction, M.H. moved into this residence with her partner, her partner's children, her cousin, and three dogs. The landlord did not change the locks to the residence.

After moving out of the home, Bolser believed a package belonging to him was delivered to his former residence on North Main. On several occasions, Bolser or an acquaintance requested that members of M.H.'s household check for the package. Bolser returned to the residence twice asking about the package in the weeks before the incident involved in this appeal. On both occasions, M.H.'s cousin felt that Bolser was upset or angry when he was informed the package had not arrived at the residence or might have been stolen, including one occasion when he balled up his fists when walking away.

On July 23, 2023, M.H. was showering while alone in the house. She felt the air pressure change, as though a door had opened. When she checked after her shower, no one else was present and the back door was locked. The front door was inaccessible due to several heavy boxes stacked in front of it.

The next day, M.H. was home alone in her bedroom, sitting on the bed, and talking on the phone to her cousin. M.H. testified that as her bedroom window was

open, which was located above the locked door, Bolser would have heard her talking on the phone and recognized someone was inside. She heard the back door slam. M.H. had not given Bolser permission to be in the residence. And the back door had been locked. Prior to hearing the door slam, M.H. did not hear any knocking. Bolser walked into her bedroom, and M.H. exclaimed, "Who are you? What the fuck are you doing in my house? Get the fuck out of my house." Bolser replied, "Lady, this is my house," and, "Give me my shit. Just give me my shit." After M.H. told Bolser that she did not have his things and to leave, Bolser took steps toward M.H. who by now had taken refuge behind the bed. M.H.'s cousin, who was still on the phone, could hear the exchange.

After Bolser advanced in the direction of M.H., one of M.H.'s dogs reacted and chased Bolser downstairs and out the door. Bolser drove away. M.H. called the police and provided Bolser's license plate number. Bolser was arrested at his residence shortly thereafter. When arrested, he claimed he was at a friend's house during the reported incident.

The State charged Bolser with burglary in the second degree, in violation of Iowa Code sections 713.1 and 713.5 (2023). He pled not guilty. After a two-day jury trial, Bolser was convicted and sentenced to an indeterminate ten-year period of incarceration. Bolser appeals.

## II.    Standard of Review

We review claims concerning sufficiency of the evidence for correction of errors at law. *State v. Crawford*, 974 N.W.2d 510, 516 (Iowa 2022) (citing *State v. Kelso-Christy*, 911 N.W.2d 663, 666 (Iowa 2018)). "When evaluating the sufficiency of the evidence, we consider 'whether, taken in the light most favorable

to the State, the finding of guilt is supported by substantial evidence in the record.'" *Id.* (quoting *Kelso-Christy*, N.W.2d at 666). Substantial evidence is present if it "would convince a rational fact finder the defendant is guilty beyond a reasonable doubt." *Kelso-Christy*, N.W.2d at 666 (quoting *State v. Meyers*, 799 N.W.2d 132, 138 (Iowa 2011)). We consider "all legitimate inferences in support of the verdict." *Crawford*, 974 N.W.2d at 516. But "[e]vidence which merely raises suspicion, speculation, or conjecture is insufficient." *Id.* (alteration in original) (citation omitted).

## III.    Analysis

Bolser challenges the sufficiency of the evidence supporting his conviction. The jury was instructed as to the following elements of second-degree burglary:

> 1. On or about the 24th day of July 2023, the defendant entered into a residence located at 400 N. Main St., Fairfield, Jefferson County, IA.
> 2. The residence was an occupied structure as defined in Instruction No. 20.
> 3. The defendant did not have permission or authority to enter 400 N. Main St., Fairfield, IA.
> 4. 400 N. Main St., Fairfield, IA was not open to the public.
> 5. The defendant did so with the specific intent to commit an assault as described in Instruction No. 21.
> 6. During the incident, one or more persons were present in or upon the occupied structure.

And Instruction No. 21 stated: "[A]n assault is committed when a person does an act which is meant to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive to another person when coupled with the apparent ability to do the act."

Bolser argues that the evidence offered in this case failed to establish that Bolser possessed the requisite intent to assault M.H. when he entered her house.

Rather, he asserts that he did not intend an assault on July 24 but merely desired the return of his property.

But the jury was free to disregard Bolser's argument based on the evidence presented at trial. Bolser's behavior leading up to the July 24 incident demonstrated his increasing frustration. He physically went to M.H.'s home at least twice to request the package, even after being told the package was not present. M.H.'s cousin witnessed Bolser becoming upset on both occasions.

On the day of the incident, M.H. was alerted to Bolser's presence downstairs by hearing the door slam shut. Bolser did not have permission to enter the home. *See State v. Moeller*, No. 22-1635, 2023 WL 7391709, at *3 (Iowa Ct. App. Nov. 8, 2023). And after arriving in M.H.'s bedroom and demanding the return of a package, Bolser advanced toward M.H. The jury could have also inferred Bolser's intent because he fled the home after M.H.'s dog chased him, and he lied about his whereabouts that day to the police. *See State v. Ernst*, 954 N.W.2d 50, 56 (Iowa 2021).

Viewing the evidence in the light most favorable to the State, as we are required to do, we determine substantial evidence exists to support the conviction. Bolser entered M.H.'s bedroom, demanded a package, and charged M.H. These facts constitute substantial evidence supporting the jury's verdict finding Bolser entered the home with the intent to commit an assault. The fact that the competing evidence upon which Bolser focuses could have supported a different verdict does not negate the fact there was substantial evidence supporting the verdict actually reached. *See Brokaw v. Winfield-Mt. Union Cmty. Sch. Dist.*, 788 N.W.2d 386, 393 (Iowa 2010) ("Evidence is not insubstantial merely because we may draw

different conclusions from it; the ultimate question is whether it supports the finding actually made, not whether the evidence would support a different finding." (quoting *Raper v. State*, 688 N.W.2d 29, 36 (Iowa 2004))).

As we conclude substantial evidence exists in this record to support the conviction, we affirm.

**AFFIRMED.**